Stephen Labiak (SBN: 267138)
Law Offices of Stephen Labiak
1222 West Shaw Avenue
Fresno, California 93711
Tel: (559) 274-5145
Fax: (559) 221-5358
E-Mail: Stephen@labiaklaw.com

Attorney for: Debtor

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:

Arlene Marie Gonzales

        Debtors

Case No: 20-10595

DC NO.: SLL-3

DECLARATION OF STEPHEN LABIAK IN SUPPORT OF FEE APPLICATION

Date: June 10, 2020
Time: 9:30 a.m.
Place: 2500 Tulare Street, Courtroom 13
5th Floor, Department B
Fresno, CA 93721
Judge: Hon. Rene Lastreto II

**TO THE TRUSTEE AND ANY INTERESTED CREDITORS:**

I, Stephen L. Labiak, under penalty of perjury pursuant to U.S.C. §1746, declare as follows:

I am the debtor's attorney in the above entitled case.

I prepared this application and I am familiar with the information contained within it.

**Education:** I earned a bachelor of science in Industrial Engineering from California State University, Fresno in June, 1996. I earned a juris doctorate from San Joaquin College of Law in 2009.

**Post-graduate experience:** I have worked as an engineer or production supervisor from 1996 until 2006 at various manufacturing facilities. I formed my own law firm upon graduation and have been a solo practitioner since being admitted to the bar. In addition, I have owned and operated 4 separate small business since 1996. I am currently the owner operator of The Perfect Cut, a chain of hair salons in California, that hope to reopen soon. I also have sought and approved to have a California Gaming License in the City of Porterville.

**Court admissions and licenses:** I have been admitted to practice before all state courts in California since December, 2009. I am admitted to practice in the district and bankruptcy courts for the Eastern, Central, and Northern districts of California.

**Legal experience:** I have been a full time lawyer since March, 2010 with the primary focus being bankruptcy. My secondary practice involves medical malpractice on the Plaintiff's side and whatever comes in the door that looks interesting and piques my curiosity.

**Retention:** I was retained by the debtor in this case. The debtor and I signed a written fee agreement containing the terms of our agreement. A copy is not attached because this is a privileged document.

**Time keeping:** I and my paralegal maintain records of time spent and cost incurred for each client in the following manner. Each chapter 13 client has a dedicated Excel spreadsheet. My paralegal keeps track of her time on a legal pad and then this information is reviewed and transferred by myself into an Excel spreadsheet. For myself, if I am in my Fresno office, I enter my time directly into the Excel spreadsheet. If I am not in the Fresno office, I will copy the information on to a legal pad or the client's folder flap, and then enter the information into the Excel spreadsheet once I return to the Fresno office.

**Excluding excessive, redundant or unnecessary hours.** While preparing this fee application, I generated a spreadsheet showing all the charges and expenses for this case and reviewed it for accuracy and fairness to my clients. In reviewing those entries, I exercised billing judgment and did not charge for entries which were excessive, redundant, or were the result of errors made by myself or paralegal. After I approved, I generated a final bill. The document attached to the exhibits in support of this application is a final bill up to this point. As a sole practitioner, I am the custodian of records and am responsible for the matters pertaining to my practice. The client was not charged for any work that was due to errors on my or my office's part. This is noted in the keeping of records.

**Reasonable, necessary, beneficial services:** The services rendered in representing the debtor(s) were reasonable and necessary and in the debtors' best interest. I performed services that a similarly situated debtor(s) might require. The services provided were beneficial to the bankruptcy estate.

Declaration of Stephen Labiak

**Hourly rates:** I reviewed fee applications filed by other attorneys in the eastern district of California bankruptcy cases. As such, I am familiar with the hourly rates charged by attorneys and other professionals in this district. My hourly rates are similar, if not lower than other bankruptcy attorneys in this district.

**Sharing of compensation:** I have not agreed to share the fees requested in this application with anyone.

Significant achievements during the period of this fee application:

a. Advised debtor about bankruptcy and non-bankruptcy alternatives to her situation.

b. Reviewed with debtor and her husband about their living situation, the effects of exemptions, repossession, value of debtor's assets.

c. Gathered information and necessary documents to prepare the bankruptcy petition

d. Prepared the bankruptcy petition, schedules, statements, and chapter 13 plan

e. Prepared and sent 341 meeting documents to trustee

f. Attended and completed the 341 meeting with the trustee

g. Plan confirmation pending, with an objection filed by a creditor. A modified plan is being filed concurrently with this fee application in hopes of resolving the objection.

**Sources of payment:** The fees to be approved under this application will be paid by the chapter 13 trustee as part of the debtors' chapter 13 plan.

**Balancing economy with quality of work:** I try my best to supervise my cases and run them in compliance with all the applicable laws including the Rules of Professional Conduct, the Bankruptcy Code and any other applicable authority. I treat my customers how I wish to be treated. This means I give my customers my personal contact information and instruct them that they can call me day or night, any day of the week including weekends, to ask any question or voice any concern. My staff does not answer the phones, I do. This in my opinion leads to less confusion, a clear understanding of information, and a happier and more satisfied client. With my personal significant involvement this leads to a significantly better chance of success over those cases with less attorney involvement. My goal is to provide the trustee and the court with all required documents in the beginning or as timely as possible. This up-front work prevents work later on to fix errors or misunderstandings. I use my

Declaration of Stephen Labiak

paralegal to enter information into the bankruptcy software and prepare documents whenever possible when the information is straight forward and easy to understand in an effort to keep costs down for my client. I review and approve all work done by my paralegal prior to it being issued. In this case because of the shortening of the time because the client had started pro per, the review process was a bit reversed with the paralegal reviewing work entered by the attorney on many items.

My paralegal is an expert in the field. She has been working as a bankruptcy paralegal for over 30 years. She has prepared thousands of petitions and knows bankruptcy as well or better than an attorney.

**Specific issues with this case:** This case involved several challenging issues. First the client had started the process on her own. This created a deadline that shortened the process I would normally like to take in getting the petition completed.

Second there were several competing claims against the client's home. There was a first mortgage, a modified first with a balloon payment, a tax lien by the City of Visalia, and a second mortgage that was in foreclosure and still trying to sell the property. In addition, the client hired a prior attorney to sue the first and second mortgage companies and that case interfered with the bankruptcy as well.

The second mortgage issues are the driving force in this bankruptcy. The difficulty is that I did not know the numbers. There was the bill from the provider and then the actual mortgage documents that went through several amendments to the documents over the years. The information in the deeds of trust is not matching the bill by the creditor. There are also issues on when the repayment period starts and what applicable statute of limitations applies. I have reached out the creditor several times and their attorneys in an attempt to resolve the problems without having to resort to a protracted fight. The original intention was to file a modified plan with this fee application. The client originally approved the modified plan that was drafted. Days later, the client has asked me to make changes to the modified plan which is resulting in a slight delay in filing the modified plan. A modified plan will be filed shortly in this case to address the pending concerns, before this motion is heard. There may be a protracted fight for confirmation and an objection to the 2nd mortgage creditor's claim.

Declaration of Stephen Labiak

The third issues was the rapidly changing source of the client's income. Due to the foreclosure, the client lost her renter. Then she got another renter when it looked like we may come to an agreement to resolve the 2nd. Then she lost the renter due to the Corona virus. Now there is a renter again. This shifting income made it difficult to determine what payment the client could afford in a plan that the court could confirm.

This case also had a mortgage modification agreement that was worked on. Because it could not be handled ex parte, the client was not charged for work done on this item.

This fee application is being filed a little earlier in the process than normal. Because I subbed in, there was no up-front money paid at all. In addition, because we have to file a modified plan, in an effort to save on postage, it is my intention to combine this with the amended plan, but that plan was scrapped at the client's request.

**Fees and services sought by this motion.** This fee application covers services and costs totaling $5779.20 incurred between 3/12/20 and 4/27/20. I am seeking court authorization for the trustee to pay the attorney's fees and costs incurred in connection with the debtor's bankruptcy through the chapter 13 plan. A true and correct itemized invoice of my professional fees and costs incurred in chronological order is filed as exhibits in support of this motion. All costs are billed at actual costs without markup with the exception of copying. This is based on a common accepted standard of $.15 per page. Postage for regular first class stamps is listed at $.50 although the current costs of stamps may be slightly higher.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 7, 2020

By: _____
Stephen L. Labiak
Attorney for the Debtor

5

Declaration of Stephen Labiak