Stephen Labiak (SBN: 267138)
Law Offices of Stephen Labiak
1222 West Shaw Avenue
Fresno, California 93711
Tel: (559) 274-5145
Fax: (559) 221-5358
E-Mail: Stephen@labiaklaw.com

Attorney for: Debtor(s)

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:

Arlene Marie Gonzales
        Debtor

Case No: 20-10595

DC NO.: SLL-3

POINTS AND AUTHORTIES IN SUPPORT OF FEE APPLICATION

Date: June 10, 2020
Time: 9:30 a.m.
Place: 2500 Tulare Street, Courtroom 13
5th Floor, Department B
Fresno, CA 93721
Judge: Hon. Rene Lastreto II

## DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTING FEE APPLICATION

**I. JURISDICTION IS PROPER AS FEE APPLICATIONS ARE CORE MATTERS CONCERNING THE ADMINISTRATION OF THE ESTATE.**

The district courts have original and exclusive jurisdiction of cases under Title II. 28 U.S.C. Section 1334(a). Each district court is allowed to refer all bankruptcy cases to the bankruptcy judges. 28 U.S.C. Section 157(a). In the Eastern District of California, this was done by General Order no. 161. Awards of professional fees are core matters concerning administration of the estate. 28 U.S.C. Section 157(b)(2)(A). Therefore, this Court has jurisdiction to hear this matter.

**II. COUNSEL FOR DEBTOR IS NOT REQUIRED TO OBTAIN COURT APPROVAL UNDER SECTION 327.**

11 U.S.C. Section 1303 describes the rights and powers of a chapter 13 debtor. The debtor has, exclusive to the trustee, the rights and powers of a trustee under 11 U.S.C. sections 363(b), 363(d), 363(e), 363(f) and 363(l). 11 U.S.C. Section 1302 describes the duties of a chapter 13 trustee. A chapter 13 debtor does not have all the rights and the duties of a trustee in chapter 7 or 11. 11 U.S.C. Section 1303(b). There are differences between the duties of a chapter 13 trustee and trustees under chapter 7 and 11. *See* 11 U.S.C. Section 1302 *ef*. 11 U.S.C. Sections 704(a), 1107(a).

It has been held that the requirement of court approval under section 327 does not apply to a debtor's retention of counsel in cases under chapter 13 of the Bankruptcy 1997), *see also Law Office of David A. Boone v. Derham-Burk (In re Elliapo)*, 468 F.3d 592, 596 (9th Cir. 2006). This suggestion was further supported by the United States Supreme Court in *Lamie v. United States Trustee,* 540 U.S. 526(2004), when the court distinguished compensation to counsel to a debtor in Chapter 11 under 11 U.S.C. section 330(a)(I). The Supreme Court concluded that section 330(a)(1) required court approval, while section 330(a)(4)(B) did not. *Id.*

### III. FEE APPLICATION HEARINGS WITH 21 DAYS NOTICE ARE REQUIRED WHEN THE FEE APPLICATION REQUESTS MORE THAN $1,000.

Federal Rules of Bankruptcy Procedure 2016 requires a person seeking compensation for services or reimbursement of necessary expenses, from the estate, to file an application with a detailed statement of: (1) the services rendered, time expended and expenses incurred; and (2) the amount requested. Federal Rules of Bankruptcy Procedure 2002(a) requires 21 days notice by mail of a hearing on a fee application that requests more than $1,000.00. Federal R. Bankr. P. 2002(a)(6). Therefore, fee application for $1,000.00 or less may be approved on an *ex parte* basis. *See* Fed. R. Bankr. P. 2002(a)(6); *see also In re Pedersen,* 229 B.R. 445, 449 (Bankr. E.D. Cal. 1999). The notice of any hearing shall identify the applicant and fees requested. Fed. R. Bankr. P. 2002(c)(2). Notices, when required, shall be mailed to the last address requested in a filing by the creditor in a particular case. Fed. R. Bankr. P. 2002(g)(1). A proof of claim or proof of security interest filed in a

particular case constitutes a request for notice at that address. Fed. R. Bankr. P. 2002(g)(1)&(2). If a party has not filed a proof of claim, proof of security interest or request for special notice, notice by mail at the last filed address on the schedules are sufficient. Fed. R. Bankr. P. 2002(g)(2). Any legal representative of an infant or an incompetent person shall receive notice by mail at the address on the schedules any any address listed on the proof of claim. Fed. R. Bankr. P. 2002(g)(3). The notice provider and any entity may agree to service at any address in the manner agreed to by the parties. Fed. R. Bankr. P. 2002(g)(4).

All applications requiring hearings are motions under Local Bankruptcy Rule (LBR)9014-1(a). An application is not a contested matter under Fed. R. Bankr. P. 9014, so service under Federal Rules of Bankruptcy Procedure 2002 is sufficient. LBR 9014-1(d)(4) allows the service of the notice of application only as long as the applicant and amounts requested are identified. Fed. R. Bankr. P. 2002(c)(2). The notice must also sufficiently describe the nature of the relief requested and sets forth the essential facts necessary for a party to oppose the motion. LBR 9104-1(d)(4).

Each motion, opposition and reply shall cite the legal authority relied upon. LBR 9014-1(d)(5). Every motion shall be accompanied by evidence establishing its factual allegations and demonstrating that the movant is entitled to the relief requested. LBR 9014-1(d)(6). Declarations shall comply with Federal Rules of Civil Procedure 56(e). LBR 9014-1(d)(6).

## IV. TIME RECORDS MUST LIST THE ACTIVITY, THE DATE OF PERFORMANCE, THE PARTY PERFORMING, TIME SPENT AND THE HOURLY RATE IN CHRONOLOGICAL ORDER THAT ADEQUATELY DESCRIBES THE WORK PERFORMED.

General organization of fee applications under 11 U.S.C. section 330 may vary in accordance with particular office's accounting structure, but time records should be kept and reported chronologically rather than by attorney. *In re Pothoven*, 84 B.R. 579 (Bankr. S.D. Iowa 1988); United States Trustee Program Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 USC Section 330 [Appendix A to 28 C.F.R. 58], Guideline (b)(4)(iv). Every application for attorney fees must include an adequately detailed description of each task for

which compensation in sought. *Id.* at (b)(4)(v). The application should list and describe the activity, the date it was performed, he attorney or other professional who performed the work, the time spent on the work and the individual's hourly rate. *In re Pettibone* 74 B.R. 293, 301 (Bankr. N.D. III 1987). If project categories are kept "[e]ach project category should contain a narrative summary of the following information: [1] a description of the project, its necessity and benefit to the estate, and the status of the project, including all pending litigation for which compensation and reimbursement are requested; [2] identification of each person providing services on the project; and [3] a statement of the number of hours spent and the amount of compensation requested for each professional and paraprofessional on the project, "March, Ahart & Shapiro, California Practice Guide: Bankruptcy, Employment and Compensation of Professionals Section 4:1366 (The Rutter Group 2013) (summarizing [Appendix A to 28 C.F.R. 58], Guidelne (b)(4) (iii).) Some courts have, however, have written that such strict structural conformity may not be required if the application adequately and chronologically describes the work performed during the progression of the case. *See e.g. In re Pothoven,* 84 B.R. 579 (Bankr. S.D. Iowa 1988); *see also* Appendix A to 28 C.F.R. 58, Guideline (b)(4)(ii) (allowing waiver of the project category requirement).

Attorneys are entitled to their regular hourly rate for time spend preparing fee applications. *In re Nucorp Energy, Inc.* 764 F.2d 655 (9th Cir. 1985). Compensation may be awarded for successfully litigating the fee application (i.e., by defending against objections to the fee application). *See Smith v. Edwards & Hale, Ltd. (In re Smith)*, 317 F.3d 928-29 (9th Cir. 2002) abrogated on other grounds by *Lamie v. U.S. Tr.,* 540 U.S. 526(2004). Attorney's fees of the debtor are paid out of estate funds. Lynn M. LoPucki & Joseph W. Doherty, Routine Illegality in Bankruptcy Court Fee Practices, 83 Am Bankr. L.J. 141. The Bankruptcy Code's entire fee control apparatus in sections 327 through 330 exists to address "the temptation of a failing debtor to deal too literally with his property in employing counsel." *In re Whitman,* 51 B.R. 502 (Bankr. D. Mass 1985)(*quoting In re Wood & Henderson,* 210 U.S. 246, 253 (1908).)

## V. **ATTORNEY'S REASONABLE FEES SHALL BE DETERMINED USING THE "LODESTAR METHOD."**

In an individual chapter 12 or 13 case, the court may allow reasonable compensation to the debtor's attorney for representing and protecting the interests of the debtor in the bankruptcy case based on a consideration of the benefit and necessity of service to the debtor and the other facts set forth in section 330. 11 U.S.C. Section 330 (a)(4)(B); *see also In re Pair*, 77 B.R. 976 (Bankr. N.D. Ga. 1987). Unless the attorney agrees to accept a flat rate fee, the customary method for ascertaining a reasonable fee for debtor's counsel in a Chapter 13 case is the lodestar, which is calculated by the multiplying the number of hours reasonably expended by a reasonable hourly rate. *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 598 (9th Circ. 2006). Counsel is entitled to reasonable compensation for protecting debtor's interests. *In re Pair*, 77 B.R. 976 (Bankr. N.D. Ga. 1987). The primary method used to determine determining a reasonable attorney fee in a bankruptcy case is to multiply the hours expended by a reasonable rate. *In re Yermakov*, 718, F.2d 1465, 1471 (9th Cir. 1983). Outside the Ninth Circuit, this has been referred to as the "lodestar method." *In re Powerline Oil Co.* 71 B.R. 767 (B.A.P. 9th Cir. 1986). To determine whether a professional's hourly rate is reasonable, the court must consider the prevailing market rate in the relevant community. The prevailing market rates are those, which are comparable with the rates "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *see also Gates v. Deukmajian*, 987 F.2d 1392, 1405 (9th Cir. 1992). There is a "strong presumption" that payment of one's standard hourly rates constitutes "reasonable compensation." *Burgess v. Keenske (In re Manoa Finance Company, Inc.)*, 853 F.2d 687, 692 (9th Cir. 1988). The court can also base its decision on submissions of surveys of fees charged by other firms and lawyers. *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 908 (9th Cir. 1995). The district court has found that hourly rates in the Fresno division for a competent, experienced attorney range between $250 to $380 per hour. *Verduzco v. Ford Motor Co.*, No. 1:13-cv-01437-LJO-GAM, 2015 WL 4131384, at *4 (E.D. Cal. July 9, 2015).

The amount of compensation awarded is based on the time, the nature, the extent, and the value of the services and the cost of comparable services in non-bankruptcy cases. *In re Nucorp Energy, Inc.* 764 F.2d 655, 657 (9th Cir. 1985). The court does have equitable power to award attorney's fees and

costs reasonably earned or incurred even though all technical requirements have not been strictly observed. *In re Sayegh,* 62 B.R. 601 (Bankr. S.D. Tex. 1986).

   Debtor's counsel in consumer case fee applications is to be judged using the same standard as business cases. 3-329 Collier on Bankruptcy 329.04[1][a]. Attorney's fees in chapter 11 cases are not nickel-and-dimed. Lois R. Lupica, *The Consumer Bankruptcy Fee Study Final Report,* 20 AM. BANKR. INSTITUTE L. REV. 17 (available at www.abiworld.org/Fee_Study/CFSFinalReport_Final_Dec7.pdf. "Chapter 13 counsel fees should be examined for the same balance between administrative cost and benefit to creditors that their bigger cousins enjoy." *Id.* The Ninth Circuit has directed courts in evaluating fees based on the lodestar method that absent specific information to the contrary "the court should defer to the…..lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008), 11 U.S.C. section 330(a)(3) imposes a five-factor test for awarding fees.

  (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under Chapter 11, or  professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including ----

  (A) the time spent on such services;

  (B) the rates charged for such services;

  (C) whether the services were necessary to the administrative of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

  (D) whether the services were performed within a reasonable amount of time commensurate with the complexity,  importance, and nature of the problem, issue, or task addressed;

  (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated  skill and experience in the bankruptcy field, and

  (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases under this title.

## VI. ATTORNEY'S FEES TO COUNSEL FOR THE DEBTOR ARE ADMINISTRATIVE EXPENSES ENTITLED TO PRIORITY OF PAYMENT.

Attorneys' fees to debtor's counsel are administrative expenses under 11 U.S.C. sections 503(b)(2) and 330(a)(4)(B) and are entitled to priority under 11 U.S.C. section 507(a)(1). *In re Hallmark*, 225 B.R. 192 (Bankr. C.D. Cal. 1998). Both pre- and post-petition services are priority administrative expenses. *In re Busetta-Silvia*, 314 B.R. 218 (B.A.P. 10th Cir. 2004). Section 1326(b)(1) of the Code provides that any unpaid claim of the kind specified in section 507(a)(1) shall be paid at the time of each payment to creditors under the plan. Section 1326 (b)(1) ordinarily entitles the debtor's attorney in a Chapter 13 case to be paid fee before or at the same time as payment to other creditors under a confirmed plan. *In re Hollmark*, 225 B.R. 192 (Bankr. C.D. Cal. 1998). The plan can pay attorneys' fees as administrative expenses in advance of payments to other claim holders. *In re Tenny*, 63 B.R. 110 (Bankr. W.D. Oakla. 1986). One reported decision approved the creation of a $2,000.00 fund from payments to the trustee during the first 30 days of the plan to pay attorneys' fees before other creditors. *In re Meadows*, 297 B.R. 671-74 (Bankr. E.D. Mich. 2003). In fact in one district, the first available funds to be distributed go to the payment of the attorneys' fees. *See in re Rogers*, 239 B.R. 883, 886-90 (Bankr. E.D. Tex. 1999).

This district's chapter 13 plan under section 4.02 indicates the debtor's attorney fees are paid prior to any payment of Class 1 arrears claims. The court in *Rogers* found that section 1326(b)(1) authorized this practice.

The time of payment of administrative expenses is within the discretion of the bankruptcy court under 11 U.S.C. section 503. Section 503. *Rus, Miliband & Smith, APC v. Yoo (In re Dick Cepek, Inc.* 339 B.R. 730 (B.A.P. 9th Cir. 2006) *citing In re American Resources Management Corp.* 51 B.R. 713 (Bankr. D. Utah 1985). The court may approve "any reasonable terms and conditions of […] employment…." *See in re Circle K Corporation*, 279 F.3d 669 (9th Cir. 2202). The reasonableness of a fee agreement between the debtor and the debtor's attorney is within the sound discretion of the bankruptcy court. *In re Dividend Dev. Corp.*, 145 B.R. 651 (Bankr. C.D. Cal. 1992). Counsel fees must be paid before distribution to other creditors. *In re: Bellamy*, 379 B.R. 86 (Bankr. D. Md. 2007). The

standard for the awarding of fees in consumer bankruptcy cases, is the same as in other bankruptcy cases, the value of comparable services in non-bankruptcy matters of similar difficulty. 3.329 Collier on Bankruptcy 329.04[1][a]. Any award of interim compensation under 11 U.S.C. section 331 is within discretion of the court and will be considered based upon the circumstances of the particular case. *In re Nana Daly's Pub. Ltd.* 67 B.R. 782 (Bankr.Ed.D. N.Y. 1986).

When counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. *In re Knutson Corp.* 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988). This result is improper and may discourage qualified practitioners from participating in bankruptcy cases. *Id.* This is clearly contrary to Congressional intent. *Id.* citing S. Rep. No. 95-989, *supra* at 40-41; H.R. Rep. No. 95-595, supra at 329-30. Debtor's counsel accepting fees paid through the plan is a major attraction of chapter 13 for debtors unable to fully pay the attorney's fees prior to filing. Keith M. Lundin, CHAPTER 13 BANKRUPTCY, 3d Edition (2000 & Supp. 2004), Section 25.4 at pg. 25.9. Counsel risks the debtor's nonperformance by accepting attorney's fees though the plan. *Id.* An efficient and effective chapter 13 counsel should be well paid. *Id.* Nothing in 11 U.S.C. Section 1326(b)(1) requires debtor's attorney to delay the payment of attorney's fees to provide depreciation protection of a creditor's collateral. *In re Harris*, 304 B.R. 751 (Bankr. E.D. Mich. 2004).

An interim fee is designed to provide counsel with compensation during the pendency of a case and thereby eliminate the economic pressures that can sometimes afflict bankruptcy lawyers when a case lasts many months, and often many years. 3 Colliers on Bankruptcy 331.I.H (Matthew Bender 15th ed. Revised). Allowance of interim fees also creates the possibility that counsel may accept a smaller retainer at the outset, if there is a substantial likelihood of periodic payment during the case. 7 Collier Bankruptcy Practice Guide 7.04[2].

Chapter 13 practice is essentially continent fee work with no upside. An estimated two-thirds of Chapter 13 plans ultimately fail. *See e.g*, Katherine Porter, The Pretend Solution: An Empirical Study of Bankruptcy Outcomes, 90 TEX. L. REV. 103, 107-11 (2011) (summarizing studies published from 1989 through 2006, all concluding that only one in three chapter 13 cases completed a reorganization plan and noting that the ratio of discharge to dismissal or conversion has persisted for more than thirty

years); *see also* Scott F. Norberg & Andrew J. Velky, *Debtor Discharge and Creditor Repayment in Chapter 13*, 39 Creighton L. Rev. 473, 509 n. 74 (2006) ("[D]ata… show a continuation of the [Chapter 13 plan] failure rate at about two-thirds.") *citing* Lynn M. LoPucki, *Common Sense Consumer Bankruptcy,* 71 AM. BANKR. L.J. 461, 474-75 (1997); *see also National Bankruptcy Review Commission*, Bankruptcy: *The Next Twenty Years* 233 *available at* http://govinfo.library.unt.edu/nbrc//report/08consum.pdf.

### VII. A WRITTEN FEE AGREEMENT IS A CONFIDENTIAL COMMUNICATION AND SHOULD NOT BE DISCLOSED IN THE FEE APPLICATION.

A written fee contract is confidential communication within the meaning of Business and Professions Code section 6068(e). Cal. Bus. & Prof. Code Section 6149. The attorney must maintain inviolate confidence to preserve the secrets of his client. Cal. Bus. & Prof. Code Section 6068(e)(1). While Evidence Code section 958 allows an attorney to reveal confidences to defend against a fee dispute, however, section 958 only applies when the client or the attorney charges the other with a breach of duty. *Gross Belsky Alonso LLP v. Edelson*, 20009 LEXIS 49260 (N.D. Cal. 2009) at *p. *10 citing In re Dimas LLC*, 357 B.R. 563 (Bankr. N.D. Cal. 2006); *see also Glade v. Superior Court*, 76 Cal. App. 3d 738, 746 (1978). There is no exception to the duty to preserve client confidences in a case brought by a third party. Dietz v. Meisenheimer & Herron, 177 Cal. App. 4th 771, 786 (2009). "Privileged communication does not become discoverable because they are related to issues raised in litigation." *Schlumberger Limited v Superior Court*, 115 Cal. App. 3d 386, 392 (1981). Therefore, a copy of the written fee agreement is not included with this fee

### VIII. THE COURT MAINTAINS DISCRETION UNDER 11 U.S.C. SECTION 349 TO DETERMINE THE PAYMENT OF FEES HELD BY THE TRUSTEE UPON DISMISSAL OR CONVERSION

*The* court maintains jurisdiction over funds disbursed in a chapter 13 bankruptcy even after dismissal. *See in re* Tran, 309 B.R. 330, 334-35 (B.A.P. 9th Cir. 2004), *see also*

*Wesley Medical Center v. Wallace (In re Wallace)*, 46 B.R. 807 (Bankr. W.D. Mo. 1984). The dismissal of a petition in bankruptcy does not bar an application for compensation for services rendered in connection with the bankruptcy case. *U.S.A. Motel Corporation v. Danning*, 521 F.2d 117 (9th Cir. 1975). Section 349 expressly gives the court discretion to determine how funds are distributed upon dismissal or conversion of a case. *See in re Tran*, 309 B.R. 330, 334-35 (B.A.P. 9th Cir. 2004)(recognizing the circumstances in *In re Witte*, 279 B.R. 585, 588 (Bankr E.D. Cal. 2002).). Therefore, the request for an order to distribute any funds held by the trustee upon conversion or dismissal to the debtor's counsel is appropriate and should be ordered by the court. This is what happens pre-confirmation under 11 U.S.C. Section 1326(a)(2). There is no reason that the court-approved attorney's fees and expenses should not be paid prior to a refund to the debtor that incurred those expenses. Furthermore, the debtor has specifically agreed to this treatment in the declaration in support of this application.

## IX. CONCLUSION

Based upon the preceding authority, the declarations of Stephen L. Labiak and the debtor, time records in the exhibits and all other evidence properly before the court, the court should find: (1) the court has jurisdiction; (2) notice is proper; (3) the time spent and expense paid were necessary and beneficial to the estate; (4) the hourly rates are reasonable; (5) the administrative expenses for attorney's fees are entitled to priority payment under 11 U.S.C.. section 507(a)(1); and (6) the approved administrative expenses should be paid by the trustee upon dismissal or conversion for all approved attorney's fees and expenses prior to refunding any money to the debtor. Therefore, the application for fees and costs should be approved.

DATED: May 7 2020

Stephen L. Labiak
Attorney for the Debtor(s)